### GLENDINNING, McLEISH & CO. v. UNITED STATES.

(Circuit Court, S. D. New York. May 22, 1908.)

#### No. 5,151.

CUSTOMS DUTIES—CLASSIFICATION—HANDKERCHIEFS.

Tariff Act July 24, 1897, c. 11, § 1, Schedule J, par. 345, 30 Stat. 181 (U. S. Comp. St. 1901, p. 1662), provides for handkerchiefs, hemmed, hemstitched, etc.; the duty being increased for each of these stages of elaboration. And paragraph 339, 30 Stat. 181 (U. S. Comp. St. 1901, p. 1662), provides a still higher rate for "handkerchiefs * * * in part of lace * * * not elsewhere specially provided for." *Held*, that it was the intention of Congress to advance the duty in accordance with the advancement of the goods in condition, and that hemstitched lace-trimmed handkerchiefs are dutiable under the latter rather than the former paragraph.

On Application for Review of a Decision by the Board of United States General Appraisers.

For decision below, see G. A. 6,688 (T. D. 28,594), in which the Board of General Appraisers affirmed the assessment of duty by the collector of customs at the port of New York.

The opinion filed by the Board reads as follows:

HOWELL, General Appraiser. The goods in question are linen handkerchiefs, which are hemstitched and lace trimmed. They were assessed with duty at the rate of 60 per cent. ad valorem under Tariff Act July 24, 1897, c. 11, § 1, Schedule J, par. 339, 30 Stat. 181 (U. S. Comp. St. 1901, p. 1662), the pertinent portion of which reads as follows: "Handkerchiefs * * * and other articles made wholly or in part of lace, or in imitation of lace, * * * composed wholly or in chief value of flax, cotton, or other vegetable fiber, and not elsewhere specially provided for in this act." They are claimed to be dutiable under paragraph 345 of said act (30 Stat. 181 [U. S. Comp. St. 1901, p. 1662]), which reads as follows: "Handkerchiefs composed of flax, hemp, or ramie, or of which these substances, or either of them, is the component material of chief value, whether in the piece or otherwise, and whether finished or unfinished, not hemmed or hemmed only, fifty per centum ad valorem; if hemstitched, or imitation hemstitched, or revered, or with drawn threads, but not embroidered or initialed, fifty-five per centum ad valorem."

There is no dispute in this case as to the facts nor as to commercial designation. The goods are concededly linen handkerchiefs which are hemstitched.

and trimmed with cotton lace. The only question presented for decision is: Which of the two paragraphs above cited more specifically provides for such handkerchiefs? In their brief, counsel for the importers claim that the articles are covered by both of the paragraphs, and they insist that the provision for "handkerchiefs, hemstitched," in paragraph 345, is more specific, because it is without limitation; whereas, the provision in paragraph 339 for handkerchiefs in part of lace is qualified by the words "not elsewhere specially provided for."

If these articles were covered by both provisions, the presence of the phrase "not elsewhere specially provided for," in paragraph 339, might, under a familiar rule of construction, become controlling. We do not think, however, that the goods are covered by both paragraphs. In our opinion the two paragraphs relate to different classes of handkerchiefs. In paragraph 345, Congress has fixed one rate of duty for flax handkerchiefs, if not hemmed or hemmed only, and a higher rate for those hemstitched or imitation hemstitched, but not embroidered or initialed. Handkerchiefs made in part of lace, which are more fancy articles, are provided for in paragraph 339 at a higher rate. We think it was manifestly the purpose of Congress to include in the latter paragraph all linen handkerchiefs made in part of lace, whether such handkerchiefs were hemmed, hemstitched, imitation hemstitched, or otherwise.

In paragraph 345, the rate of duty is fixed on the handkerchiefs according to the way in which they are finished, whether with a hem only, or hemstitched or revered, or with drawn threads; whereas, in paragraph 339 the rate is fixed according to the material (lace) of which they are composed, in part, at least, and this, we think, is a much narrower description for handkerchiefs which are both hemstitched and made in part of lace than is the provision for "handkerchiefs, hemstitched." The handkerchiefs here in question, with the lace removed, would be hemstitched handkerchiefs, and as such would be specially provided for in paragraph 345; but with the lace trimming they are advanced beyond hemstitched handkerchiefs, and are what are generally recognized as "lace-trimmed" handkerchiefs.

Furthermore, if the contention of the importers is correct, then all linen handkerchiefs, though made in part of lace, would be dutiable under paragraph 345, for this paragraph not only provides for hemstitched handkerchiefs, but for handkerchiefs not hemmed, or hemmed only, or imitation hemstitched, and undoubtedly all handkerchiefs made in part of lace would fall within one of these classes. We believe such a result would be repugnant to the intent and meaning of the statute.

Counsel for the importers argue that by the use of the word "only" after the word "hemmed," in paragraph 345, Congress had indicated its intention to limit the provision for hemmed handkerchiefs to those that have nothing more done to them, while no such limitation is placed upon the provision for hemstitched handkerchiefs. In this view a handkerchief with a plain hem and made in part of lace would be excluded from classification under paragraph 345, and would be dutiable under paragraph 339 at 60 per cent. ad valorem; while a hemstitched lace handkerchief, a more fancy article, would be dutiable under paragraph 345 at only 55 per cent. ad valorem. There could be no good reason for imposing the higher rate on a handkerchief made in part of lace and having a plain hem, while admitting lace handkerchiefs, when hemstitched or imitation hemstitched, at the lower rate. It is quite clear to us that the use of the word "only" was for the sole purpose of distinguishing between handkerchiefs with plain hems, which are made dutiable at 50 per cent. ad valorem, and those with hems fastened by the hemstitch, on which the rate of duty is 55 per cent. ad valorem. We hold that the handkerchiefs here in question, being made in part of lace, are properly dutiable as assessed.

The protest is, accordingly, overruled, and the decision of the collector is affirmed.

Benjamin A. Levett, for importers.
J. Osgood Nichols, Asst. U. S. Atty.

PLATT, District Judge.   Decision affirmed.